Good morning, and welcome this Friday to the Ninth Circuit, finishing a week of sittings here. And before we get started, Judge Sanchez and I would like to thank again our good friend Judge Murphy for coming over from Michigan and helping us with our caseload. He was here yesterday and today, and thank you very much. Thank you. We've only got one case on our oral argument today, but we do have other cases that will be submitted as of today, so I'm going to go through those cases quickly. Those cases are 21-14-20, Faustini v. Garland, 22-1-20, Pang v. Garland, 22-1-61, Liu v. Garland. The case we have for argument today is Infogroup v. DatabaseUSA, and that case is set for 15 minutes per side. So for the appellant, when you get up, maybe announce yourself and let us know how much time you would plan to reserve for rebuttal, and you may proceed. Thank you. May it please the Court. My name is Don Swanson. I represent Infogroup. I'd like to reserve five minutes for rebuttal, if I may. I'd like to start with a focus on a couple of sets of facts. The first set is a unanimous federal jury, judge, and the Eighth Circuit Court of Appeals determined that Database stole Infogroup's database, used it to produce and conduct its own business, and used Infogroup's trademarks to promote its own product, masquerading as Infogroup. That is the basis for the $11.2 million judgment and the permanent injunction. Second, while that litigation was going on, the insiders decided to protect themselves. Two examples. One is they transferred away a wholly owned entity, their operating entity, to whom they had been paying $250,000 a month. They transferred it to insiders for no consideration, secretly during pendency of litigation. In the bankruptcy at the first meeting of creditors, one of the transferees of that entity testified on behalf of the debtor that no such transfer happened because the debtor had never owned it. That testimony was false. A second example. During that litigation, the owner... All right, all right. This is all... You know, we know all this, right? And we don't have a lot of time, but I'm interested in the question of whether or not we even have jurisdiction to look at the district judge's order vacating the bankruptcy judge's order, denying the authority motion. It seems to me that that is not necessarily a final order that we should look at, especially if, I believe it's your point, it's sustained that the bankruptcy court needs to look at whether or not a demand was considered when it issued that order. Okay. Yes. I mean, why should we be here on that? It seems to me that the district court sent that back to the bankruptcy court for findings on a demand analysis. We don't need to look at that because the bankruptcy court hasn't even had an opportunity to do what the district court wants it to do, so why should we reverse the district court? Why don't we just remand that for lack of jurisdiction, have the bankruptcy court carry out what the district court wants it to do? The answer is the district court applied the wrong standard. The legal standard for a regular case, I'm talking from a bankruptcy perspective, for a regular case is limited because there are a discrete set of issues and a discrete set of – But that doesn't matter if the bankruptcy court applied the wrong standard. I mean, we don't – my understanding is we don't have jurisdiction if there are still factual things that need to be – that could be determined by the bankruptcy court. And isn't futility kind of an inherently factual inquiry? We actually have no factual issues on either demand or futility. Under what version of the English language do the words, we demand that you bring these we demand that you bring these claims? The debtor even treated that as a demand. And here's what the evidence shows. The evidence shows that when they received that demand, they considered it with their counsel. All of the claims are identified in the complaint. They determined that the claims, each of them were – Mr. Swanson, you may be right or you may be wrong, but I think the point that my colleagues are trying to make is this is not a final determination. The district court has sent it back for further fact-finding. And so, therefore, there's no final order for us to review, and we lack jurisdiction to review something in that posture. So you may very well be correct, and you're going to have those arguments in front of the bankruptcy court, but how do we have jurisdiction to review any of this right now? Well, there – it's not a hard and fast rule. There are exceptions. There is a four-test exception, and that exception, the bankruptcy has already ruled on futility three times. But isn't our case law very clear that if there's a remand for further factual findings that that generally results in piecemeal litigation and favors not having – that we don't have jurisdiction in those circumstances? Well, it is – as I said, it's not a hard and fast rule. There is a test. It's a four-part test, and if you apply that four-part test to this situation, there is no facts to be found down in the bankruptcy court. Those have all been established. Three orders, for example. I'm curious why you want us to decide this. I mean, like, you might go back and the bankruptcy court might – I mean, we might rule against you if we – you might go back and the bankruptcy court might find that futility applied. I mean, the district courts seem to send a signal, and so I'm just not trying to figure out, like, you know, it's not like you won't get review. It's just that we don't have jurisdiction now under sort of the normal rule, if you don't have an exception under the four-part test. So I'm just trying to figure out why you're pushing so hard for us to review this issue. Yeah, well, there are a variety of issues that need – there's also a remand on a broader issue on whether the sanctions were appropriate. We'll get to that. Yeah, that's the difference. We're just asking about jurisdiction for the demand. Under the four-part test, if that is applied, there are no facts to be decided. A demand was obviously made. The court has ruled three times. For example, if the – I thought the district court said that the bankruptcy court erred by not considering futility. So how could the bankruptcy – was the district court wrong that the bankruptcy court had considered futility? The bankruptcy – or the district court was wrong in deciding that there was no demand. On the futility issue, what is more futile than demanding – Wait a minute. As Judge Sanchez says, your question may be correct, but demand futility must be decided by the trial court on a case-by-case basis, not by any rote and inelastic criteria, Towers v. Iger, 912 F. 3rd 523. The district court determined that the bankruptcy court did not look at and indeed overlooked whether or not your client's demand would have been futile, so we can't take on the question you ask because the bankruptcy court hasn't made a determination outright on futility. And you're essentially asking us to decide that, I guess, as a matter of law or something, but you're asking us to decide futility. That seems to me the argument you're making. Why – the bankruptcy court has not addressed that? The bankruptcy court said that there was no demand and there obviously was one. That is – That may be a wrong decision, but we won't be able to review it unless they have first decided the issue of whether the demand was – if there was one, futile or not. So you can have them look at all this again. But anyway – You'd never get to futility if there was a demand, and there was an obvious demand – But it works the other way, too, right? At the end of the day, like, if the bankruptcy court concludes that it was futile for you to have made a demand, in some ways, like, who cares whether you made a demand, right? So that issue has not been decided, and it's been sent back for a factual conclusion by the – and so we could be deciding, like, a theoretical issue here, if we could look at crystal ball and figure out the district court – or the bankruptcy court was going to find out that it was futile, and we're burning through all of your time. I think you're sentencing resistance from us on that issue. So maybe – I don't know. Maybe you should move on to that. Well, if that's the issue, I want to keep focused on that. But I don't – Let's focus on the sanctions question. If there's this pending matter on the futility and the authorization issue, it seems to me that taking up a sanctions issue would also be piecemeal, that none of this is final, that the whole thing should be sent back. What is your view on that question? Well, the – again, both of the courts below applied the wrong standard. They – this court has two longstanding rules of law on bankruptcy, and neither of which were properly applied in this case – or were applied in this case. And there is also on sanctions a rule of law that has not been adopted anywhere. From the very beginning, we've been asking for someone to cite a case – any case that is violating a court order that has been stayed pending appeal. I mean, I'll ask opposing counsel about that. But the district court didn't rule one way or the other on the sanctions order. Is that correct? That's correct. So that, too, is a – essentially not a final order from the district court. So how can we review a sanctions order appeal that has not been conclusively decided by the district court one way or the other? The district court applied the wrong standard. If the district court had applied the correct standard, that sanctions would have been heard. For example, the – as I started to say earlier, there – in regular cases, there are discrete issues, discrete parties. And so you get to the end before you can appeal on bankruptcy. There is a pool of parties. There are a pool of issues. And the question becomes, how is a discrete issue handled? And I suggest that nothing is more final – nothing is more final than a court order requiring dismissal of an adversary complaint after expiration of the statute of limitations. So if the court had provided – applied the correct legal standard, which it did not, it would have addressed those issues. It would have had to. So should we then send the case back for the district court to look at the bankruptcy court's sanctions order? Because I tend to agree with the point Judge Sanchez made, that we don't have – I don't think we can make an evaluation of a bankruptcy court order without some sort of intermediate evaluation from the district court, given that an appeal was taken. So it seemed to me the remedy would be to send the issue back to the district court for its consideration of the sanctions order of the bankruptcy court, right? If we concluded that the district court had jurisdiction, I think you want us to just decide that there's no – but I think what he's saying is, could we just send it – could we just send it back for the district court to address? And maybe the district court does something with it. Your clause, and I do think, though, that the most efficient use of judicial resources here is to address this, because the legal standards are clear and plain and have been around for a long time in this circuit, and they simply were not applied. Okay. Well, we got you down to almost two and a half minutes. You want to reserve that for rebuttal, unless my colleagues have any further questions for you at this point? Okay. Thank you. Okay. We'll hear from the other side. Thank you, Counsel. Good morning. May it please the Court to lead the Gray-Koslowski Counsel for DatabaseUSA.com, LLC. The majority of my argument is obviously around the jurisdictional concerns that we raised in our brief. We certainly agree with the dialogue you've been having. We think it's very clear under Ninth Circuit law that where a case has been remanded back for factual findings, that this Court no longer has jurisdiction. My colleague was discussing the fact that there are no facts in dispute. I don't think the record supports that at all. Obviously, there's a dispute as to whether a demand was made. The courts have now ruled in our favor on that. With respect to futility, there are significant disputes as to whether or not making it. When you say there's a dispute as to whether a demand was made, my understanding is that the bankruptcy court did address that. The district court did address that. That would be sort of wrapped up and ready for us to review, but for the fact that you have this other futility issue that could make that sort of irrelevant. In other words, there's still facts, but there's not facts that are on whether a demand was made that haven't been adjudicated up through the district court, right? Absolutely. Yes, that's absolutely correct. I apologize if I was inaccurate or imprecise on that. What do you make of the argument that Info Group requested a demand in the bankruptcy court, the bankruptcy court determined that there was no demand, and accordingly, there can't be any issue of futility if no demand existed? That's what I understood Mr. Swanson to say. We do believe that's correct, and we did argue that in part before the district court. One, that futility wasn't actually addressed before the bankruptcy court. So then that defeats your jurisdictional argument, right? It does. It does. I think that is correct. So to the extent that- So you and Mr. Swanson agree we have jurisdiction over the demand and futility issue? I don't think that there is jurisdiction over the futility issue to the extent that it is  So to the extent that we're acknowledging that the demand- You just said there's no futility issue because the bankruptcy court found that there was no demand. You agreed with Mr. Swanson on that. I do agree with that. I do agree with that. However, I don't think- What are we doing here? I don't think that we can get to that issue, unfortunately, because the district court did determine that there was a futility issue and did remand it back. I think because of that determination, that necessarily means that this court no longer has jurisdiction. I do think that that's an argument that I will be addressing with the bankruptcy court once it's remanded. So the district court is not in accord with Mr. Swanson's view of the case regarding the bankruptcy court's order and that's what we need to remand or lack jurisdiction to hear, right? Yes. All right. And do you agree that we don't have jurisdiction to review the contempt sanctions as well? I do. I think that that is correct. The analysis that the district court put forward, I do believe is correct. I do think that those sanctions tie to this order, which- to the order denying authority, which I do agree is not a final order because of the remand and because those do dovetail. I do believe that this court similarly doesn't have jurisdiction. The bankruptcy court, I think, would be able to reevaluate its determination on those orders in conjunction with how it resolves the order denying authority. So it isn't yet final as we stand here today. So when would the district court- or would it just never have jurisdiction over the sanctions? If, let's say, it goes back down to the bankruptcy court, the bankruptcy court finds that it would have been futile and finds- and looks at the other factors and concludes that, you know, the opposite of what the bankruptcy court had concluded. But the bankruptcy court nonetheless said, yeah, but, you know, I now think I was wrong, but you disobeyed me when I was wrong, so I'm going to uphold my sanctions. Would the district court then have jurisdiction over the sanctions or does it just never have jurisdiction over the sanctions? I believe the district court at that moment would have jurisdiction over the sanctions because the related issues have decided there's a final order with respect to the order- with respect to the order denying authority. At that moment, I think the sanctions order does become a final order that the district court cleared to adjudicate. So your position is not that it would never have- that the district court and our court would never have jurisdiction, just not now? Correct. So you read and responded to the appellant's brief, and I'm curious, what are your best arguments for why the bankruptcy court's sanctions orders were not final? Or were final, I'm sorry. Were not final, I'm sorry. It's as confusing for me as it is for you, trust me. But your position is we don't have jurisdiction to deal with the district court's dismissal or refusal to pass on the bankruptcy court's sanctions order. Mr. Swanson says those bankruptcy court orders are final and we should review them. What's your best argument for why they're not? So the- I think the case law stands for the proposition that because the bankruptcy court would have an ability to reevaluate those contempt orders in conjunction with evaluating the order denying authority, that they're not final orders. They're still- the bankruptcy court could- They'd have the opportunity, but there's no- I haven't seen any inclination on the part of the bankruptcy court to resist itself. Indeed, Mr. Swanson points out and says accurately they- the bankruptcy judge ordered Infogroup to strike its demand motion. Shouldn't we do something about that? Nobody's done anything or looked at it yet. So, again, the district court, I think, was pretty- pretty adamant in correcting its analysis when it was evaluating the cases with respect to the fact that this isn't final. The district court did make a comment in a footnote that under racing services, in theory, the bankruptcy court could reinstate and allow the late filing of the complaint. Certainly all things that my client will- will object to and will deal with in the bankruptcy court, but that relief, according to the district court, is still available for the bankruptcy court. And so the- the harm that is alleged there could be resolved. Let me ask you a question. So let's say this goes back to the district court and the district court says it was futile and says that, okay, I should have- you're right, Judge Mahan, I should have- I should have looked at futility. And when I look at it, that does excuse them not making a demand and applies all the factors and concludes that- that that's probably for- and then also, I think, consistent with the allows them to do what they were trying to do. At that point, do you think that the bankruptcy court would need to reverse its sanctions order or what would be the reason why the bankruptcy court would- it would still be okay for the bankruptcy court to- I do not believe that the bankruptcy court would have to reverse it. I don't think it is possible. So why would- why would they be justified under that circumstance? You know, because basically the bankruptcy court would be saying, yeah, I got it wrong. Is it because, you know, the- they- your opponent's side should have, you know, should have obeyed and rolled their dice, I guess, on appeal? The way they should have rolled their dice was on appeal, not by filing this thing? I'm sorry, I'm not sure I followed that. Is your reason that you think that they- that the bankruptcy court still was justified in applying sanctions even if it turns out that your opponents end up being vindicated, right, that they should have been? I'm trying to figure out, like, why- why they would still be justified in having sanctions. Yeah, I do, absolutely. So in this instance, there was an order entered that said they do not have authority to file a complaint. They then went and filed the complaint, they served the complaint, they actually interfered with the- And let me make sure I'm clear on this because this bankruptcy stuff's a little complicated for me and I'll say, they've did- they did all this in the same bankruptcy court that is the bankruptcy court that issued sanctions? Correct. So yeah, it seems- I mean, I don't know, it seems a little- I think under the law it sounds like they're allowed- that that's allowed, not allowed for them to do that, but it's allowed for the bankruptcy state to block them. But it's a little weird because it's not like they're traveling off to some other court in some country in some corner of the nation and, like, trying to violate the bankruptcy state or something like that. It's just weird that they can be sanctioned for filing something in front of the very same bankruptcy court. It seems to me the bankruptcy court would be like, I told you not to do that, don't do that, you know, but instead it becomes- it really drops the hammer on them. And they kind of seem to be in a little bit of a catch-22, it seemed like. So if I may, the distinction there is that they didn't sue the debtor. They sued- they took the debtor's claims. Similarly, if they had gone in and stolen a house and taken it away, they effectively took the debtor's claims and were prosecuting them. And so it's not that they came in and sued the debtor. It's that they took the debtor's claims and then acted and stepped into the shoes. Well, they were trying to. Sort of like a- I mean, isn't their view that these are all sort of incestuous, closely held entities, right? They're going after an entity. You know, they feel like these are all controlled by the debtor, essentially, don't they? Isn't that their view? They do make that contention. However, they've sued a vendor, they've sued lawyers, they've sued people unrelated. So it- while they use these broad, sweeping language saying everybody's an insider, that's not actually accurate. Their claims are far broader than that. It just doesn't have quite the same appeal if you acknowledge that you've sued these employers. What's confused me- one part that's confused me, and luckily, I don't think we have to resolve it, is why the bankruptcy court stayed- or granted Infogroup's stay of the adversarial proceeding, but then simultaneously sanctioned them for not dismissing that same action. How can that happen at the same time? You know, on the one hand, okay, we think you have a right to appeal this, whether you have that adversarial proceeding, but on the other hand, we're sanctioning you for not having dismissed that same action itself. Very good inquiry. So what we're looking at here is really a finite proceeding within a much bigger proceeding. So there was a plan of reorganization pending, there was a sale pending, there were a lot of other things coming up in the case very quickly that would likely moot their appeal, and so by staying the case, the judge allowed them to continue with their appeal. The likely outcome, had he not entered a stay, is that we would have moved forward with a sale, we would have moved forward with a plan, and the appeals would have been mooted. But if they hadn't filed this, their concern was that, you know, they get this stay, but, you know, they appeal- they've blown the- if they don't file something, they've blown the statute of limitations deadline. They certainly could have come before the court and asked to toll the statute of limitations. They could have asked to file- take some action in order to preserve their rights. They didn't do that. The judge- the court said, unequivocally, you cannot file this complaint, and then they went in and filed it. Right. They were trying to protect the status quo, and that might have been overly aggressive, and maybe it called for sanctions, but as my colleagues pointed out, those issues have not been reviewed by any district court, but anyway. Yeah, because what I'm trying to get at, what I'm trying to figure out is, I certainly think of the first issue, the demand hasn't been- and I'm trying to figure out is how any changes on the demand slash futility issue might affect the sanctions issue, and it sounds like there's a possibility that it might affect the sanctions issue. Well, I certainly- we certainly will advocate very strongly against it impacting it. I do acknowledge that I do think the bankruptcy court- there is an argument that the bankruptcy court could go in and make changes. The bankruptcy could court, according to the district court and applying racing services, in theory, could allow the filing of the complaint, which would alter that- alter the contempt order, so certainly, for the avoidance of doubt, we will be opposing that, but I do think the bankruptcy court potentially has that jurisdiction. That's something that we would need to navigate and deal with before the bankruptcy court, which is why I don't think that these are final. You agree with Mr. Swanson that the overall thrust of the bankruptcy and all the litigation that Database USA has carried out in the past five years has been to aggressively, unyieldingly, and continually avoid payment of the valid $11.2 million judgment that came out of the Eighth Circuit, right? No, I absolutely disagree with that. The debtor proceeded with it, tried to sell the assets to generate revenue to bring it into the state. A company like Gupta is on the hook for about $11.2 million, and his company is on the hook for about $11.2 million, and nothing has been done other than bankruptcy litigation in Nevada to pay off or satisfy any of those valid legal judgments out of the Eighth Circuit. That's inaccurate. Mr. Gupta did actually pay the totality of his judgments, so that has been satisfied in full. Everest is controlled by him, right? That is my understanding. So I'm not sure you want to be in a situation, if this does go back, where you're making complaints about conduct of other people, right? Where? I'm sorry, I'm not sure I followed that inquiry. What I'm saying is, you're making a lot of noise about the conduct of a company trying to get its hands on $11 million that it's owed, that your client has refused to pay, avoided, and contested at every turn. And it seems to me that makes it very difficult for you to go after sanctions for the conduct that they're trying to carry out legally to get their money back. So I respectfully disagree with that. We have been trying to reorganize. I just want to tell you, if it goes back, there's been a lot of litigation here that I think could have been avoided by some honorable settlement discussions and some honest negotiation on how to resolve what's been a long-running dispute between two large companies. I absolutely agree with that, and the parties have engaged in settlement discussions, but it's not been successful to date. But I certainly agree with that and would invite further settlement negotiations in the future. Well, thank you, counsel. I think we've kind of run you over a little bit. Let me ask my colleagues if they have any more questions, and then we'll go ahead and allow your opposing counsel his rebuttal time. Your Honors, the big issue here is the sanctions. We believe that they were wrongfully decided, totally ignored this circuit's longstanding rule of bankruptcy law, created a brand new rule that says you can violate an order that's been stayed pending appeal for this specific reason. Yeah, it seems to me like if we send, you know, it does seem a little bit far-fetched if the bankruptcy court was to agree with you, and if the bankruptcy court disagrees on futility and the district court upholds and says there was not futility, then, you know, you did violate the bankruptcy court's order and the bankruptcy court was vindicated. If it goes the other way and you're actually able to win on your futility, right, or maybe win ultimately when a court has jurisdiction over the demand issue, it sounds like you don't feel very confident that you're going to be able to convince the district court to reconsider the sanctions issue? I say district court, I mean bankruptcy court. I don't know. I mean, we haven't been successful thus far. I mean, we got hit pretty hard. But from our perspective, we're just saying, like, you know, have all of that done and then it comes up in, you know, it seems like the rules don't give us jurisdiction over and then, but it's not just that the rules don't give us jurisdiction, but it'll be a lot cleaner case and we won't be doing things piecemeal if we wait until then. It's not like you won't get your day in the Ninth Circuit. It's just that you have to wait. The concern is we have raised these issues time and again in front of the bankruptcy court and the bankruptcy court has firmly rejected them and it seems, speaking of futility, the futility issue, I keep getting this, it seems like you keep saying that the bankruptcy court has rejected the futility issue. If that's what you're saying, the district court, you're saying the district court was wrong that the bankruptcy court had not addressed futility? Well, we think the bankruptcy court has addressed futility when it approved the settlement between the debtor and its owner that released all claims. We demanded they pursue those claims. They considered them and in considering them, they decided each was, quote, without merits. That's not the argument you're going to make to the bankruptcy court, is it? I mean, you're not going to make the argument to the bankruptcy. You already addressed this and ruled against us. When it goes back, it sounds to me like you're saying the bankruptcy court has effectively already decided futility. It's futile for us to argue futility is what you're arguing. Decided sanctions, I'm sorry. I'm confused on what the question is. I'm saying on sanctions, the bankruptcy court has definitively decided sanctions. On futility, it has ruled, it approved the release of all those claims, which has been reversed. And so there was a demand and confirmation that it was rejected, the confirmation that further demand would be futile and a reversal showing that that was wrongful. And that reversal is final, by the way. All right. No further questions? And I have 38 seconds left. Thank you both for your argument this morning and that concludes our session this morning and this week.
judges: VANDYKE, SANCHEZ, Murphy